```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| IN RE PARCHER SMITH, | Bankruptcy No. 00-55758 (KCF) |
|     Debtor. | |
| GLENDA UNGER, | CIVIL ACTION NO. 05-5109 (MLC) |
|     Appellant, | **MEMORANDUM OPINION** |
|     v. | |
| PARCHER SMITH, | |
|     Appellee. | |

**THE COURT** having ordered the appellant to show cause why the appeal should not be dismissed for either (1) failure to abide by Federal Rule of Bankruptcy Procedure 8009(a)(1), or (2) lack of prosecution under Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure 41(b) (dkt. entry no. 3); and the appellant appealing from an order of the United States Bankruptcy Court, dated September 13, 2005 (dkt. entry no. 1); and the notice of appeal being entered on the docket of this Court on October 25, 2005 (dkt. entry nos. 1-2); and the appellant being required to file a brief in support of the appeal by November 9, 2005, <u>see</u> Fed.R.Bankr.P. 8009(a)(1) (requiring appellant to file brief within 15 days after appeal entry on docket); and the appellant failing to file a brief; and it appearing that the appellant's time to file a brief lapsed more than 120 days ago; and

**IT APPEARING** that it is within the Court's discretion to dismiss an appeal from an order of the Bankruptcy Court for an

appellant's failure to file a brief in a timely fashion, see In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir. 1993); and it appearing further that the Court may dismiss an appeal for an appellant's failure to prosecute during a 120-day period unless good cause is shown for the lack of prosecution, see L.Civ.R. 41.1(a), see also Fed.R.Civ.P. 41(b); and the Court being authorized to impose harsh penalties when enforcing the Local Civil Rules, see Kabacinski v. Bostrom Seating, No. 03-1986, 2004 WL 628867, at *3 n.3 (3d Cir. Mar. 30, 2004), United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000); and

   **THE COURT** having directed (1) the appellant to respond to the order to show cause by April 5, 2006, and (2) the appellee to respond by April 13, 2006 (dkt. entry no. 3); and the appellant failing to respond by April 5, 2006; and the appellee not responding by April 13, 2006; and thus the Court intending to (1) resolve the order to show cause before the return date of April 24, 2006, (2) grant the order to show cause, and (3) dismiss the appeal for (a) failure to abide by Federal Rule of Bankruptcy Procedure 8009(a)(1), and (b) lack of prosecution under Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure 41(b); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge